Smith, J.
*439 It is alleged by plaintiff in error that the court of common pleas erred, first, in overruling the motion for a new trial,based, among others, on the ground that the verdict was against the evidence; second, that the court erred in its rulings as to the admission and rejection of evidence; and, third, in the charge given to the jury, and in refusing the charge asked for by plaintiff in error.
The petition of Harding contained two causes of action— one on a note purporting to have been given him by the defendant company, and the other to recover $45.75 claimed to be due him as salary for services rendered to the company.
The answer contains, first, a general denial of each and every allegation not specifically admitted; second, denies that the note siied on was the note of the defendant company, but the individual and unauthorized act of Pinaire, who was the president of the association, and that plaintiff was advised and knew at the time he received it that it was given without any authority; third, that the note was wholly without consideration ; fourth, that when plaintiff was employed by the association it was agreed between them that he was only to receive such salary as there was money in the treasury of the association to pay it, and that it. never had money in its treasury to pay it, and has ceased to do business.' The reply is substantially a general denial.
On the issues thus made a trial was had, and a verdict rendered against the defendant for the amount claimed. A motion for a new trial was made by the defendant, which was overruled and judgment entered upon the verdict.
As no exception was taken to the ruling of the court as to the motion for a new trial, we cannot look at the question as to whether the verdict was against the evidence. This was necessary to raise the question in this court. But as exceptions were properly taken to the rulings of the court as to the evidence, and the charge given to the jury and the charges refused, they can be considered, as it was not necessary that a *440 motion for a new trial should have been made, that the defendant below might have the advantage of such exceptions.
First — Was there error in the ruling of the court as to evidence? The first exeeption taken was to the refusal of the court to allow the defendant below to offer a deposition of the plaintiff in this cause. The question arose in this way: The plaintiff himself was introduced as a witness in his own behalf, and testified that he had loaned $100 to the association, and to the giving of the note sued on to him therefor, by Mr. Pinaire, the president, and to his having rendered services to the company, and that there was a certain sum due him therefor. Thereupon, on the cross-examination, he was asked whether he had not in effect merely put the $100 into the company as the other members did, and not as a loan, and that the agreement between himself and the company was that his services were only to be paid for if there was money in the treasury to pay it: and in answer the plaintiff denied both. His deposition taken in the case by the defendant was then shown him, and that he admitted that it was his deposition and that he had signed it. The defendant then offered it in evidence, but the court refused to receive it, but stated to counsel that he might interrogate the witness as to the statements of the deposition, and if the witness denied them, that the deposition might be received in evidence. This the counsel for defendant declined to do, but again offered the paper in evidence; but the court declined still to allow it to go to the jury, and defendant’s counsel excepted. The deposition so offered is attached to the bill of exceptions, and contained statements in regard to matters as to which the witness had testified on the stand, and which might be claimed as contradictory thereto, and which deposition was admissible at some stage of the case as an admission by the plaintiff.
If the deposition so offered had been that of a person other than a party, it is clear that the course suggested by the court to lay the foundation for an impeachment of the witness was *441 the proper one. Whether in such case, however, the party-cross-examining him would have a right, at that time, to introduce the paper with a view to impeach the witness is questionable. We think not, and that he should wait until his time comes to offer his evidence. Does the fact that it was a party who was being examined alter the rule ? We think this depends on the question whether it is legitimate cross-examination as to the case of the plaintiff, or whether it attempts to establish a substantial defense, set up by the defendant. If so, he must, under the authority of Drake v. Legg, 1 Ohio St. 286, wait until the time comes for him to introduce his own evidence. We think in this case the defendant was seeking by the cross-examination of a witness in chief, to introduce its own evidence as to the substantial defenses set up” by it, and that the court did not err in its action.
The defendant, having subsequently offered evidence tending to prove that the $100 was not a loan, and that the note given therefor was executed long after the money was given to the company, by the president thereof, without authority, the plaintiff, in rebuttal, called his wife as a witness, and he and she both testified to a conversation in her room between the plaintiff and Pinaire, when others were present, and at which it was in substance‘agreed that the $100 was to be a loan. This was the first time that any sueh conversation had been testified to. The defendant then sought to prove by Pinaire that there never was any such interview or conversation, but that the court refused to allow it to be done.
The evidence proposed to be offere'd by defendant was clearly rebutting evidence on its side. The evidence offered by plaintiff in rebuttal of defendant’s case was relevant to the issue, and, as we have said, the testimony as to such conversation alleged to have been had between plaintiff and the officers of the company, first came out in plaintiff’s evidence. This the defendant had the right to rebut. The only question that can be made is that the interrogatory put to the witness called by plaintiff to rebut it, was too indefinite. He was *442 asked what he knew of the interview testified to by plaintiff and his wife, and on objection by the plaintiff’s counsel, the defendant’s counsel stated to the court that he expected to prove by the witness that no such interview took place. But the court still refused to hear the evidence. We think this made the question sufficiently definite, and that the evidence should have been received, and as it was on a material point, that the refusal was prejudicial.
P. A. Reece, for plaintiff in error.
F. B. James, for defendant in error.
The judgment will be reversed and a new trial awarded.